PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Carrico and Russell, S.JJ.

RUSSELL ERNEST SMITH, JR.

                                              OPINION BY
v.  Record No. 102398          SENIOR JUSTICE CHARLES S. RUSSELL
                                          November 4, 2011
COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA

     This appeal presents the question whether the evidence was sufficient to support a conviction of "willfully and intentionally making a materially false statement" on a form executed in connection with the purchase of a firearm in violation of Code § 18.2-308.2:2(K).

                      Facts and Proceedings

     The material facts are undisputed. On June 12, 2006, Russell Ernest Smith, Jr. (Smith) was arrested in the City of Newport News on a felony warrant charging him with possession of marijuana with intent to distribute. The general district court continued the case several times while Smith remained free on bond, having waived preliminary hearing. On September 18, 2007, Smith's counsel sent him a letter informing him that his marijuana case was "certified to the Grand Jury" and "will be set for trial on term day" which would be held on November 13. Counsel further stated that he would advise Smith of the trial date when it had been set and invited Smith to call if he had any questions. On November 7, before term day, counsel wrote a

second letter to Smith stating: "This letter is to advise you that your trial date has been pre-set for January 11, 2008 at 10:00 a.m. in the Newport News Circuit Court. Your presence is required in court on that date." Counsel appended a handwritten note to the letter: "Please give me a call to discuss case." Smith failed to call his counsel as requested.

On November 13, 2007, the grand jury in the City of Newport News indicted Smith for possession of marijuana with intent to distribute. Two days later, on November 15, Smith entered a pawnshop in the adjacent City of Hampton and applied for the purchase of a .40 caliber semi-automatic pistol. As required by law, he filled out and signed a form prepared by the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice (the ATF form). The form contained warnings that violations of the gun laws and making a false statement on the form were crimes punishable as felonies. Question 11(b) on the form asked: "Are you under indictment or information in any court for a **felony**, or any other crime, for which the judge could imprison you for more than one year? *(An information is a formal accusation of a crime by a prosecutor. See definition 3.)*" (Emphasis in original.) Smith wrote "No" in answer to this question. The record contains no evidence that Smith, when executing the ATF form, was aware that the

Newport News grand jury had returned an indictment against him two days earlier.

An officer of the Virginia State Police made a routine check of Smith's criminal history before the gun purchase could be completed. He discovered the recent Newport News indictment and reported it to the pawnshop proprietor, who cancelled the sale. The officer obtained a warrant for Smith's arrest on a charge of making a false statement on a firearm purchase form in violation of Code § 18.2-308.2:2.

Smith was indicted for this offense in the Circuit Court of the City of Hampton. At a bench trial, the Commonwealth introduced the ATF form, the Newport News indictment, documents establishing Smith's identity and the testimony of both the pawnshop proprietor and the officer who had examined Smith's records. The Commonwealth then rested, and the defense made a motion to strike the evidence, which the court denied. Smith then testified in his own defense. On direct examination, Smith testified that he was unaware of the Newport News indictment when he signed the ATF form and that it had first been shown to him only three days before trial. Smith stated that he understood only that he had been charged with a felony, that his counsel was going to get a trial date set, and that a trial date was then set for January. Smith testified that he was unfamiliar with the criminal justice system, never having been

3

arrested before the marijuana case, and that he had no legal training. On cross-examination, Smith testified the he did not know what the term "indictment" meant when he executed the ATF form.

Both parties rested, and defense counsel made a renewed motion to strike the evidence, which the court denied. The court ultimately found Smith guilty, stating: "I think the evidence shows that he knew what was going on." Smith appealed his conviction to the Court of Appeals. A divided panel affirmed. Smith v. Commonwealth, 56 Va. App. 166, 692 S.E.2d 265 (2010). The Court granted a rehearing en banc and again affirmed, with two judges joining in a separate concurring opinion. Smith v. Commonwealth, 57 Va. App. 319, 701 S.E.2d 826 (2010). We awarded Smith an appeal.

## Analysis

On appeal, where there is a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the prevailing party, including any inferences the factfinder may reasonably have drawn from the facts proved. The judgment of the trial court is presumptively correct and will not be set aside unless it is plainly wrong or without evidence to support it. Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). Nevertheless, when an appeal presents the question whether the facts proved, and the legitimate inferences drawn

4

from them, fall within the language of a statute, we must construe statutory language to answer the question. That function presents a pure question of law which we consider de novo on appeal. Phelps v. Commonwealth, 275 Va. 139, 141, 654 S.E.2d 926, 927 (2008).

Code § 18.2-308.2:2(K) provides:

> Any person willfully and intentionally making a materially false statement on the consent form required in subsection B or C or on such firearm transaction records as may be required by federal law, shall be guilty of a Class 5 felony.

It is undisputed that the ATF form is one required under this statute and that Smith's answer to question 11(b) on that form was, in fact, false. The sole question remaining is whether Smith made this false statement "willfully and intentionally" so as to bring it within the statute under which he was convicted. Because the statute employs the two adverbs conjunctively, both words together define an element of the crime. Stated differently, if the Commonwealth fails to prove beyond a reasonable doubt that the defendant's conduct was both willful and intentional, the evidence is insufficient to support a

conviction.  To answer the question presented by this appeal, it suffices to focus upon the word "intentionally."[1]

"Intentional" is defined as:  "Determination to act in a certain way or to do a certain thing."  Black's Law Dictionary 810 (6th ed. 1990).  The adverb "intentionally" is defined as: "To do something purposely and not accidentally."  Id.

We presume that the General Assembly, in framing a statute, chose its words with care.  Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001).  When statutory terms are plain and unambiguous, we apply them according to their plain meaning without resorting to rules of statutory construction.  Id. at 99-100, 546 S.E.2d at 702.  We perceive no ambiguity in the word "intentionally."  By coupling it with "willfully," the General Assembly removed any ambiguity that would have resulted from the use of "willfully" alone.  By using the two words in conjunction, it is clear that the General Assembly intended to impose upon the Commonwealth a very strict standard of scienter in prosecutions for violations of Code § 18.2-308.2:2(K).

_____

[1] "Willfully" is a word of many meanings whose construction often depends upon context.  Bryan v. United States, 524 U.S. 184, 191 (1998).  Judge Learned Hand has been quoted as observing, off the bench:  " 'willfully' . . . It's an awful word!  It is one of the most troublesome words in a statute that I know."  See United States v. Hayden, 64 F.3d 126, 129, n.5 (3d Cir. 1995).

The Court of Appeals, in the majority opinion en banc, applied the federal standard which holds, in regard to a cognate – but importantly different – federal offense, that "the scienter element is satisfied by actual knowledge of the statement's falsity as well as any 'deliberate disregard for its truth or falsity with a conscious purpose to avoid learning the truth.' "  57 Va. App. at 325, 701 S.E.2d at 828-29 (quoting in part from United States v. Hester, 880 F.2d 799, 802 (4th Cir. 1989)).  While that analysis may be valid in other contexts,[2] we do not agree with the Court of Appeals' conclusion that it applies under the strict scienter requirement the General Assembly has adopted in Code § 18.2-308.2:2(K).  We construe that section to require the Commonwealth to prove, beyond a reasonable doubt, as an element of the crime, that the defendant had actual knowledge that his statement was false when he made it.  There must be evidence to support a finding that he knew the truth but nevertheless intended to, and did, utter a falsehood.

Applying those principles to the present case, it is apparent that the evidence was sufficient to support the trial

---

[2] The federal statute on which Hester and the decisional authorities it surveys are based, 18 U.S.C. § 922(a)(6), makes it a crime to "knowingly" make a false statement on an ATF form. Congress did not choose to adopt the stricter "willfully and intentionally" standard contained in the Virginia statute.

court's finding that Smith "knew what was going on."  He knew that he had been charged with a felony and that the case had been set for trial.  That finding, however, was insufficient to support a conviction under the statute.  Suspicion, even probability, of guilt is not sufficient to support a conviction. The Commonwealth has the burden of proving every element of the offense beyond a reasonable doubt.  O'Dell v. Commonwealth, 234 Va. 672, 698-99, 364 S.E.2d 491, 506 (1988).  There was no evidence to support a finding that Smith knew that he had been indicted when he signed the ATF form.  The Commonwealth thus failed to prove an element of the crime.

## Conclusion

For the reasons stated, we hold that the circuit court erred in denying Smith's motion to strike the evidence and that the Court of Appeals erred in affirming the conviction. Accordingly, we will reverse the judgment of the Court of Appeals and enter final judgment here vacating the conviction and dismissing the indictment.

Reversed and final judgment.