COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges O'Brien and AtLee
Argued at Richmond, Virginia

PUBLISHED

HERBERT M. JORDAN

OPINION BY
v.        Record No. 0413-19-2          JUDGE MARY GRACE O'BRIEN
APRIL 14, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
W. Edward Tomko, III, Judge

J. Daniel Vinson (Randall Page, P.C., on brief), for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

After a bench trial, the court convicted Herbert M. Jordan ("appellant") of possession of a

cellular telephone by a prisoner, in violation of Code § 18.2-431.1(B).  Appellant challenges the

sufficiency of the evidence to support his conviction.  Specifically, he argues that the court erred in

finding that the item seized from his prison cell was a "cellular telephone or other wireless

telecommunications device" prohibited by the statute.

At the time of the offense, appellant was incarcerated at Greensville Correctional Center.

On October 18, 2016, a correctional officer, Lieutenant Jewel Stith, observed appellant alone in his

cell leaning across a stool and holding a piece of cardboard, which he moved out of Lieutenant

Stith's line of vision.  Lieutenant Stith entered the cell to check for contraband.  He found the

cardboard in a cable box socket on the wall, and within the cardboard, he discovered an item that he

identified as a cell phone.  He showed the cell phone to appellant, who responded that he would

"see [Lieutenant Stith] in court."

Lieutenant Stith testified that the device "had all the characteristics of a cell phone," including an "on and off button," "digits that normal cell phones have," and "ports for . . . hearing and speech." He explained that he was familiar with the item because he had "recovered quite a few of these same type [of] cell phones" before. Lieutenant Stith stated that he did not push any buttons to activate the device, did not make a call or transmit any other type of telecommunication message, and did not conduct a forensic download.

Lieutenant Stith gave the cell phone to another prison employee, Officer Lee Royster, who photographed the device but did not activate or use it. Officer Royster also characterized the item as a cell phone and testified that he turned it over to Special Agent David Peters, who subsequently gave it to Special Agent K. Moore, a "cell phone forensic analyst." However, Special Agent Moore returned the item to Special Agent Peters without conducting a forensic analysis. At trial, Special Agent Peters described the item as "a small, black Posh cellular phone," and he identified it as "the exact same phone that [he] received from Officer Royster." Special Agent Moore did not testify at trial. The court admitted the device and photographs into evidence.

Appellant did not present any evidence. At the close of the case, he moved to strike and argued that the Commonwealth failed to prove the "character of [the] device." The court denied the motion, stating as follows:

> Th[e] cell phone that I hold in my hand today . . . is identical to the photographs that were contemporaneously taken of the phone when it was taken into the possession of the investigators there at the prison. . . . [T]he [c]ourt recognizes it as a cell phone. [Lieutenant Stith] indicated it to be similar to cell phones he had previously observed. And also, simply just from the [c]ourt's observations today, the [c]ourt finds that it is a cellular device.

The court found appellant guilty of possessing a cell phone while incarcerated, in violation of Code § 18.2-431.1(B).

"[W]hen reviewing a challenge to the sufficiency of the evidence to support a conviction, an appellate court considers the evidence in the light most favorable to the Commonwealth, the prevailing party below, and reverses the judgment of the trial court only when its decision is plainly wrong or without evidence to support it." Marshall v. Commonwealth, 69 Va. App. 648, 652-53 (2019). See Code § 8.01-680. "The issue on appeal is whether the record contains evidence from which '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Ragland v. Commonwealth, 67 Va. App. 519, 530 (2017) (quoting McMillan v. Commonwealth, 277 Va. 11, 19 (2009)); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). Upon review, an appellate court grants the Commonwealth "the benefit of all inferences fairly deducible from the evidence." Alvarez Saucedo v. Commonwealth, 71 Va. App. 31, 40 (2019) (quoting Riner v. Commonwealth, 268 Va. 296, 303 (2004)).

"[T]o the extent the appellant's assignment of error requires 'statutory interpretation, it is a question of law reviewed *de novo* on appeal.'" Ragland, 67 Va. App. at 530 (quoting Grimes v. Commonwealth, 288 Va. 314, 318 (2014)). See also Miller v. Commonwealth, 64 Va. App. 527, 537 (2015) ("[The] *de novo* standard of review applies to determining the proper definition of a particular word in a statute.").

Code § 18.2-431.1(B) makes it "unlawful for an incarcerated prisoner . . . without authorization to possess a cellular telephone or other wireless telecommunications device during the period of his incarceration." Appellant argues the Commonwealth failed to prove that the item found in his prison cell was a "cellular telephone" within the scope of the statute. He contends that the "only evidence offered by the Commonwealth concerning the character of the item at issue was that it appeared to be a cellular phone," which he argues was insufficient to prove beyond a reasonable doubt that it was a cellular phone. We disagree.

In Ragland this Court held that Code § 18.2-431.1 "[does] not define the term 'cellular telephone' thereby indicating that this phrase is not a term of art and that it intend[s] the commonly understood definition of the term." 67 Va. App. at 531. We quoted a dictionary definition of cellular phone as "a telephone with access to a cellular radio system so it can be used over a wide area, without a physical connection to a network." Id. (quoting Oxford Living Dictionaries, https://www.lexico.com/en/definition/cellular_phone). We also found no error with the court crediting the testimony of correctional officers identifying the item in question as a cell phone and "not requir[ing] expert testimony for the purpose of making such an identification." Id. at 532.

Here, three correctional officers testified that the item was a cellular phone: Lieutenant Stith, Officer Royster, and Special Agent Peters. Lieutenant Stith previously had recovered the same type of cell phone from other inmates. The Commonwealth introduced photographs of the phone, as well as the phone itself. The court, as finder of fact, was able to view and hold the device.

Appellant challenges the correctional officers' characterization of the item as a cell phone because they never activated or utilized it. However, the statute does not require proof of operability. See Code § 18.2-431.1(B). "An appellate court must 'presume that the General Assembly, in framing a statute, chose its words with care.'" Ragland, 67 Va. App. at 531 (quoting Smith v. Commonwealth, 282 Va. 449, 454 (2011)). Although in Ragland, we noted that the pictures of the item in question depicted "an Apple iPhone which has been turned on and shows a live connection to the Verizon cellular network," we did not hold that the statute requires such evidence. Id. at 532-33. Instead, we relied on the court's authority to accept the testimony of the correctional officers identifying the device as a cell phone without expert testimony. Id. at 532.

"The primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395 (1998). Therefore, courts must construe a statute "with reference to its subject matter, the object sought to be obtained, and the legislative

purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it." Esteban v. Commonwealth, 266 Va. 605, 609 (2003).

> When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Kozmina v. Commonwealth, 281 Va. 347, 349-50 (2011) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007)). "Additionally, '[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" Id. at 350 (quoting Meeks v. Commonwealth, 274 Va. 798, 802 (2007)). Appellate courts "will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761 (1979)).

Actual functionality is not required under a plain reading of Code § 18.2-431.1, which "intend[s] the commonly understood definition" of cell phone. Ragland, 67 Va. App. at 531. As commonly understood, a cell phone does not cease being a cell phone if its connectivity to a wireless telecommunications network is compromised or destroyed. Requiring proof of functionality would be an "unreasonably restrictive interpretation" of a statute that is broadly aimed at regulating inmate conduct. Armstrong, 263 Va. at 581. Additionally, by criminalizing possession of a cell phone rather than use, the legislature expressed its intent that operability is not a required element of the crime. See id. at 581-84 (holding that a statute proscribing "possession" of a firearm does not require proof of operability).

The evidence established that appellant was seen hiding an item in his prison cell. Three correctional officers identified it as a cell phone, and one officer testified that it was similar to cell phones he had previously recovered during prison searches. Contemporaneous photographs and the item itself were admitted into evidence. The Commonwealth was not required to produce expert testimony to identify the item as a cell phone nor demonstrate functionality or operability. After considering all the evidence, the court properly concluded that the item seized from appellant's cell was a cellular telephone prohibited under Code § 18.2-431.1(B). Therefore, we affirm appellant's conviction.

<u>Affirmed.</u>