## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### WISE v. COMMONWEALTH.

JUNE 21, 1900.

Absent, Riely, J.*

1. CRIMINAL LAW—*Trespass—Claim of Right—Bona Fides—Evidence—Verbal Contract to Convey Land.*—A defendant cannot be convicted of a trespass where the act complained of was done under a *bona fide* claim of right, and evidence of a verbal contract to convey to the defendant the land on which the alleged trespass was committed, though not admissible to show title, is admissible to show the *bona fides* of defendant's claim.

Error to a judgment of the County Court of Washington county, rendered June 28, 1899, in a prosecution in the name of the Commonwealth of Virginia against the plaintiff in error.

*Reversed.*

The opinion states the case.

*John J. Stewart* and *D. Trigg*, for the plaintiff in error.

*Attorney-General A. J. Montague*, for the Commonwealth.

KEITH, P., delivered the opinion of the court.

This is a writ of error to a judgment of the County Court of Washington county sentencing Wise to pay a fine of $5 for un-

---

*Judge Riely was prevented by sickness from attending this term.

lawfully tearing down and leaving open a fence of one H. A. Mann.

Section 3729 of the Code provides: " If any person unlawfully, but not feloniously, take and carry away, or destroy, deface, or injure any property, real or personal, not his own, * * * he shall be fined not less than five, nor more than five hundred dollars."

In support of his plea of "not guilty," prisoner offered to show that the land upon which he resided had formerly belonged to White, who sold to Counts. When a survey was made with a view to the making of a deed to Counts by White, the lines of the survey were run at one point upon land claimed by H. A. Mann, the prosecutor in this case. He making objection, White said to Counts that he would not convey to him any part of the disputed land, not because he meant to abandon any right he had, but because he did not consider the subject worthy of controversy, but at the same time agreed verbally with Counts to transfer to him any claim he might have to the parcel of land in dispute. Counts sold to Lilly, and Lilly to Mitchell, the immediate grantor of the prisoner. At the trial, the prisoner offered, but was not permitted, to prove by Counts that this verbal contract with respect to the disputed land had been transferred to him. It is not pretended, of course, that this verbal contract or understanding passed title, but it does bear upon the *bona fides* of a claim of right asserted by the prisoner, and should have been admitted.

The prisoner asked the court to instruct the jury as follows: " The court instructs the jury, if they believe from the evidence that the defendant, John Wise, pulled down the fence and left it down under a claim of right, believing it to be his own, and believing that he had a *bona fide* right thereto, then the jury shall find for the defendant."

This instruction propounds the law correctly, and should have

Opinion.

been given. *Ratcliffe's Case*, 5 Gratt., at page 658; 2 Wharton's Crim. Law, sec. 1072a. The County Court seems to have recognized this principle in the instruction which it gave, and it might have been unnecessary to have reversed its judgment upon this ground if it stood alone, but as the case must go back for a new trial on account of the error committed in the exclusion of the evidence, it will be proper, upon a subsequent trial to give the instruction as requested by the prisoner.

The other objections are not well taken.

The judgment of the County Court must be reversed, and a new trial awarded.

*Reversed.*