COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Raphael

UNPUBLISHED

PETER LAWRENCE VENOIT

MEMORANDUM OPINION[*]

v.      Record No. 1422-23-1                                PER CURIAM
                                                            OCTOBER 22, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Afshin Farashahi, Judge

(Roger A. Whitus; Slipow & Robusto P.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Lucille M. Wall, Assistant
Attorney General, on brief), for appellee.

A jury convicted Peter Lawrence Venoit of trespass by willfully remaining on the

premises of another after being forbidden by the owner to do so. *See* Code § 18.2-119. Venoit

challenges the trial court's denial of a proposed jury instruction and the sufficiency of the

evidence that he had the intent required for a conviction. Finding no error, we affirm the trial

court's judgment. We dispense with oral argument because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

John Riley, the owner of 615 Bar & Grill in Virginia Beach, received a report from his bartender that someone was bothering customers. Riley found Venoit speaking with his customers and "doing some religious stuff," prompting Riley to ask Venoit to step outside. A short time later, the bartender told Riley that there was about to be "a problem outside." Walking out to the patio, Riley found Venoit loudly "preaching" about the morality of alcohol and "doing scriptures," which Riley said was making his customers uncomfortable. Riley repeatedly asked Venoit to leave, but Venoit only spoke louder.

Seeing his customers' agitation and fearing that a fight might erupt, Riley put his hands on Venoit's back to guide him out. But Venoit repeatedly stopped walking and resumed preaching. Venoit eventually left through the patio gate, but he then walked up to the outside of the patio's railing and continued preaching. Riley called the police. Riley said that it took about ten minutes to get Venoit to leave the patio and that Venoit continued to preach at customers for another twenty minutes until police arrived. Venoit's preaching mainly focused on the religious and moral considerations of consuming alcohol. Venoit did not assert that he had a right to be on the property.

Police arrived and told Venoit he was banned from the property. Venoit repeatedly asked why, and he began to read aloud from the Virginia Human Rights Act ("HRA"). *See* Code § 2.2-3900 to -09. While abiding by a request to move to the sidewalk, Venoit began to question

---

[1] We recite the facts in the light most favorable to the Commonwealth, the party that prevailed at trial. *Camann v. Commonwealth*, 79 Va. App. 427, 431 (2024) (en banc). "Doing so requires that we 'discard' the defendant's evidence when it conflicts with the Commonwealth's evidence, 'regard as true all the credible evidence favorable to the Commonwealth,' and read 'all fair inferences' in the Commonwealth's favor." *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

one of the officers about why he had become a police officer. The officer arrested Venoit for trespassing.

At trial, Riley and the officers testified to the events described above. After the trial court overruled Venoit's motion to strike, Venoit testified in his own defense. He said that he went to the restaurant that night to speak with the owner about an unpleasant experience he had with a different employee the night before. Venoit said that he had been "a complete sinner" during his youth. But he "started actually listening to Jesus" and "started caring more about [his] community," a shift that had led him to "want to have reasonable conversations with people to make sure they know that their actions do have consequences." Venoit felt that Riley tried to remove him from the restaurant because someone got offended when he "mentioned Jesus." He said that, as he understood the HRA, a person could not be removed from a business for "a religious reason," so he was under no duty to leave when asked. Venoit claimed that he tried to speak with Riley about his rights under the HRA, but Riley "did not want to reason" with him. Venoit conceded that Riley asked him to leave during that conversation.

The trial court overruled Venoit's renewed motion to strike. The court concluded that there was enough evidence for the jury to find Venoit guilty of trespass.

The trial court granted a modified version of Model Criminal Jury Instruction 49.100. To find Venoit guilty of trespass, the Commonwealth had to prove that Venoit: (1) "remained on the premises of another," (2) "did so willfully," and (3) "had been forbidden to do so by the owner."

The trial court refused one proposed jury instruction on trespass offered by Venoit but allowed a second one. The refused instruction asserted that "[t]respass requires a criminal intent." Venoit argued that the Commonwealth must prove that he "actually . . . intend[ed] to break the law of trespass" and that it was not sufficient that he merely remained on the property. Venoit conceded that if the trial court granted his proposed instruction, further elaboration on the

- 3 -

meaning of "criminal intent" would be needed. The trial court ruled that the proposed instruction would "confuse the jury" and would add nothing to the elements instruction.

Over the Commonwealth's objection, the trial court granted Venoit's second proffered instruction. Based on Model Criminal Jury Instruction 49.500, it stated that a person is not guilty of trespass if he has "a good faith claim of right to remain on the property, even though this belief was mistaken." It said that "[a] good faith claim of right is a sincere, although perhaps mistaken, good faith belief that one has a legal right to be on the property. The claim need not be of title or ownership of the property, but it must rise to the level of authorization."

After the jury convicted Venoit of trespass, the trial court sentenced him to 12 months in jail (with 9 months suspended) and fined him $1,500. Venoit noted a timely appeal.

ANALYSIS

Venoit argues that the trial court erred in refusing his proposed instruction on intent to commit trespass. He also argues that the evidence failed to prove his criminal intent.

*I. The trial court properly refused the proffered instruction (Assignment of Error I).*

"As a general rule, the matter of granting and refusing jury instructions rests 'in the sound discretion of the trial court.'" *Miles v. Commonwealth*, 78 Va. App. 73, 82 (2023) (quoting *Pena Pinedo v. Commonwealth*, 300 Va. 116, 121 (2021)). "Our sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." *Id.* (quoting *Pena Pinedo*, 300 Va. at 121 (alteration in original)). "[W]hether a jury instruction accurately states the relevant law is a question of law that we review de novo." *Id.* (alteration in original) (quoting *Watson v. Commonwealth*, 298 Va. 197, 207 (2019)). "When reviewing a trial court's refusal to give a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." *Pena Pinedo*, 300 Va. at 118 (quoting *Commonwealth v. Vaughn*, 263 Va. 31, 33 (2002)). "The burden is on

the proponent of the instruction 'to satisfy the trial court that the proposed language is a correct statement of the law, applicable to the facts of the case on trial, and expressed in appropriate language.'" *Miller v. Commonwealth*, 64 Va. App. 527, 547 (2015) (quoting *Shaikh v. Johnson*, 276 Va. 537, 546 (2008)).

A person is guilty of trespass if he "remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so . . . by the owner." Code § 18.2-119. Although the statute seems to not include an intent element, we have construed the statute as requiring "a willful trespass." *O'Banion v. Commonwealth*, 33 Va. App. 47, 56 (2000) (en banc) (citing *Campbell v. Commonwealth*, 41 Va. (2 Rob.) 791 (1843); *Reed v. Commonwealth*, 6 Va. App. 65, 70 (1988)). "[A] bona fide claim of right," or "[a] good faith belief that one has a right to be on the premises negates criminal intent." *Reed*, 6 Va. App. at 71 (citing *Wise v. Commonwealth*, 98 Va. 837 (1900)).

"[W]here granted instructions 'fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle.'" *Taylor v. Commonwealth*, 77 Va. App. 149, 168-69 (2023) (quoting *Huguely v. Commonwealth*, 63 Va. App. 92, 129 (2014)). Venoit argues that his "criminal intent" instruction was needed because the granted instructions could have allowed the jury to think "that mere intentional action was sufficient to convict." We are not persuaded.

Two of the granted instructions adequately instructed the jury on the intent element. First, the elements instruction explained that a conviction for trespass required proof of "willfulness." There was no need to instruct the jury that it had to find "criminal intent" because

the jury was told that it had to find a "willful trespass" to convict, the specific form of criminal intent relevant to a trespass charge.[2] *See O'Banion*, 33 Va. App. at 56.

Second, the granted good-faith-claim-of-right instruction also addressed Venoit's concerns. That instruction expressly informed the jury that a person could remain on property without trespassing if he had a good-faith belief that he had a legitimate reason for being there. Thus, the jury had the road map it needed to acquit Venoit if it believed his testimony.

In short, because the granted instructions adequately informed the jury about what it needed to find to conclude that Venoit "willfully" trespassed, the trial court did not abuse its discretion by refusing Venoit's proffered instruction.

## II. The evidence sufficed to prove that Venoit willfully trespassed (Assignment of Error II).

Venoit argues that the Commonwealth failed to prove that he had the intent to commit trespass because he believed in good faith that the HRA gave him the right to be on the premises. He adds that his lack of criminal intent is shown by the fact that he moved toward the exit and eventually left.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). When determining whether the evidence was sufficient, "we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).

---

[2] This Court previously reversed a conviction on the ground that the trial court refused to grant an instruction explaining the meaning of the term "willful" in the child abuse or neglect context. *See Barrett v. Commonwealth*, 32 Va. App. 693, 699 (2000). *Barrett* does not apply here because Venoit asked for an instruction that was *broader*, not narrower in its explanation of the relevant standard.

It "negates criminal intent" to commit trespass if the defendant had "a bona fide claim of right," that is, "[a] good faith belief that one has a right to be on the premises." *Reed*, 6 Va. App. at 71. The assertion of a genuine claim-of-right "is an affirmative defense and thus usually a question for the trier-of-fact." *Id.* at 70.

There was sufficient evidence here for a rational factfinder to reject Venoit's claim-of-right defense and find a willful trespass. Venoit remained at the restaurant after Riley told him to leave. Venoit at first responded by "reciting his scriptures louder and louder . . . like [Riley] wasn't even there." After asking Venoit four times to leave, Riley had to forcibly move him toward the exit. Even then, Venoit repeatedly stopped on the patio to resume preaching. It took Riley about ten minutes to remove Venoit from the patio. And Venoit admitted at trial (and agrees on brief here) that he stayed on the premises after being asked to leave.

It does not matter that Venoit eventually left. Although "[i]t should not be assumed that the requisite remaining occurs immediately following [the request to leave,] . . . the defendant [trespasser]" must leave "within a reasonable time in the circumstances." *Carter v. Commonwealth*, 300 Va. 371, 375 (2021) (fourth alteration in original) (quoting Wayne R. LaFave, 3 Substantive Criminal Law, § 21.2(a) (3d ed. 2020)). Given that Venoit remained on the patio for about ten minutes after Riley asked him to leave, the jury could find that Venoit's delay was unreasonable.

The jury was instructed on Venoit's assertion of a good-faith claim of right to remain on the premises. The jury heard evidence about Venoit's belief that the HRA protected his activities, and it watched body-camera footage of Venoit as he explained his belief to the arresting officers. The jury was free to reject Venoit's theory of the case. "[T]he credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." *Fletcher v. Commonwealth*, 72 Va. App. 493,

502 (2020) (quoting *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999)). "The trier of fact is . . . free to believe or disbelieve, in whole or in part, the testimony of any witness." *English v. Commonwealth*, 43 Va. App. 370, 371 (2004) (citation omitted).

CONCLUSION

We see no basis to disturb the jury's conclusion that Venoit willfully trespassed.

*Affirmed.*